Michael A. Jones, State Bar #27311
Philip J. Giles, State Bar #30340
**ALLEN BARNES & JONES, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: mjones@allenbarneslaw.com
       pgiles@allenbarneslaw.com

Attorneys for Thomas H. Allen, Individual Plan Agent, Post Confirmation Liquidating Trustee, and Disbursing Agent for the Bankruptcy Estate of Daniel L. Hendon

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| DANIEL LEWIS HENDON, | Case No. 2:11-bk-21164-SHG |
| Debtor. | **MOTION TO APPROVE SALE OF CERTAIN LIQUIDATING TRUST ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, OR IN THE ALTERNATIVE, CONFIRMING THAT BANKRUPTCY COURT APPROVAL IS NOT REQUIRED FOR THE TRUSTEE TO SELL SUCH ASSETS** |

Thomas H. Allen, Plan Agent and Trustee ("**Trustee**") of the Liquidating Trust Agreement and Declaration of Trust dated November 12, 2012 ("**Trust**") in Daniel Lewis Hendon's ("**Debtor**") Chapter 11 bankruptcy case, hereby requests that the Court enter an order: (i) allowing the sale of the Assets (as defined herein) free and clear of all liens, claims, rights, encumbrances, and other interests, pursuant to 11 U.S.C. §§ 363(b) and (f); or in the alternative, (ii) confirming that Court approval is not required for the Trustee to sell the Assets. It is unclear under the Plan and Trust whether Bankruptcy Court approval is even required for the Trustee to sell the Assets. The following Memorandum of Points and Authorities supports this Motion.

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. JURISDICTION AND FACTUAL BACKGROUND

1. On February 3, 2010, the February Debtors[1] filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. On March 3 and 4, 2010, the March Debtors[2] filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3. On July 25, 2011 ("**Petition Date**"), the Debtor filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code thereby initiating this case.

4. On July 26, 2011, this Court entered an order authorizing joint administration of the Debtor's bankruptcy estate with the February Debtors and the March Debtors' estates in case no. 2:10-bk-02794-SHG (now closed) ("**Joint Case**").

5. On December 16, 2011, the Court entered an order [Joint Case Dkt. No. 1536] approving the *Debtor Proponents' Amended and Restated Plan of Reorganization Dated December 12, 2011* [Joint Case Dkt. No. 1516] ("**Plan**").

6. On December 11, 2012, the Court entered the *Order Approving Joint Trust Agreement* [Joint Case Dkt. No. 1826] thereby approving the Trust.

7. The Trust incorporates the terms of the Plan. See Joint Case Dkt. No. 1817 at pp. 2-3.

8. The Trustee is designated as the Individual Plan Agent and Liquidating Trustee for the Liquidating Trust. See Joint Case Dkt. No. 2070.

9. The Trust's assets consist of, among other things, Avoidance Actions.

---

[1] Danny's Happy Valley, LLC, 2:10-bk-02794-EWH; Danny's Raintree & Northsight, LLC, 2:10-bk-02796-EWH; Danny's Scottsdale & Shea, LLC, 2:10-bk-02799-EWH; and Danny's 59th Avenue, LLC, 2:10-bk-02802-EWH.

[2] Danny's Crossroads, LLC; 2:10-bk-05580-EWH; Danny's Gilbert Gateway, LLC, 2:10-bk-05583-EWH; Danny's San Tan, LLC, 2:10-bk-05585-EWH; Danny's Tempe, LLC, 2:10-bk-05588-EWH; Danny's Family Companies, LLC, 2:10-bk-05792-EWH; Danny's Car Services, LLC, 2:10-bk-05793-EWH; Danny's Scottsdale & TB, LLC, 2:10-bk-05794-EWH; National Car Care Development Corporation, 2:10-bk-05795-EWH; 84th & Bell, LLC, 2:10-bk-05796-EWH; 3rd & Bell, LLC, 2:10-bk-05797-EWH; Danny's Tatum, LLC, 2:10-bk-05798-EWH; 83rd & Union Hills, LLC, 2:10-bk-05799-EWH; Mayo & Scottsdale Family Car Wash, LLC, 2:10-bk-05800-EWH; Danny's Glass, LLC, 2:10-bk-05801-EWH; Danny's Fuel, LLC, 2:10-bk-05802-EWH; Paradise Village Car Care Centre, Inc., 2:10-bk-05805-EWH; Twentieth & Highland, LLC, 2:10-bk-05806-EWH; Danny's Commercial Properties, LLC, 2:10-bk-05772-EWH; Barcelona Restaurants III, LLC, 2:10-bk-05774-EWH; Barcelona Business Center, LLC, 2:10-bk-05775-EWH; and Danny's Office, LLC, 2:10-bk-05776-EWH.

"Avoidance Action" is defined under the Debtor's confirmed Chapter 11 Plan of Reorganization to mean "a claim or cause of action of an Estate of a Proponent to avoid transfers made by the Proponent to the extent such claim arises under §§ 544-551 of the Bankruptcy Code." See Joint Case Dkt. No. 1516 at p. 82 and 1516-2.

10. Under the Trust, the Trustee has the "authority, power and obligation" to, among other things: "manage, sell and convert all or any portion of the Trust Assets to Cash." Joint Case Dkt. No. 1817 at pp. 12-13.

11. This Court retained jurisdiction over the Plan [Joint Case Dkt. No. 1536 at p. 17], and to among other things, "determine all questions and disputes regarding title to the assets of the Estates." Joint Case Dkt. No. 1516 at p. 90.

**The Assets**

12. The Trustee has pursued numerous avoidance actions and is the plaintiff in two remaining adversary proceedings, against Heather Hendon for $27,390.71 and Kelly Carroll Hendon for $192,884.53, to recover on account of judgments obtained in prior adversary proceedings related to this case. See Adv. Case Nos. 2:15-ap-00739 and 2:15-ap-00740 (together, the "**Trust Adversaries**").

13. Although the Trustee has extended the defendants' deadlines to respond to the Complaints filed in the Trust Adversaries, Heather Hendon (the Debtor's daughter) and Kelly Carroll Hendon (the Debtor's ex-wife) have provided the Trustee with alleged defenses to the litigation claims in the Trust Adversaries.

14. Diversified Funding Group, LLC; Reynaldo Gutierrez; The Faradjollah Fred Djahandideh Trust; Fred Djahandideh; HCM Retirement Trust, Drew Sherline; Rightpath Investors, LLC; Sirotka Holdings, LLC; iDea Services, LLC; Van Buren Development, LLC; Southwest Development Partners, LLC; and Fortuna Asset Management, LLC (collectively, the "**Proposed Buyers**") hold a non-dischargeable judgment against the Debtor, that they obtained after succeeding in trial, now in excess of $23,916,359.14 ("**Non-dischargeable Judgment**").

15. The Proposed Buyers recently initiated litigation in this Court and in California State Court against numerous individuals, including the Debtor, Heather Hendon, and Kelly

Carroll Hendon, to, among other things, recover avoidable fraudulent transfers under 11 U.S.C. §§ 548 and 550 and violations of 18 U.S.C. §1962 (CIVIL RICO). <u>See</u> Adversary Proceeding No. 2:16-ap-00127 and Case No. 30-2016-00839008 pending in the Superior Court of the State of California County of Orange Central Justice Center (together, the "**DFG Adversaries**").

16. The Trust Adversaries and DFG Adversaries involve some similar claims against the same defendants.

17. Certain defendants in the DFG Adversaries have alleged in filings that the DFG Adversaries should be dismissed because the Trustee holds standing rights in the DFG Adversaries. <u>See</u> Adv. Case Nos. 2:16-ap-00127, DE Nos. 5, 13.

18. Based on the terms of the Trust, the Trustee may hold claims, rights, standing, and interests in the DFG Adversaries.

19. The Trustee met and spoke with many of the defendants (through counsel) regarding the DFG Adversaries but did not receive any offers relating to the DFG Adversaries other than from the Proposed Buyers.

20. The parties to the DFG Adversaries have scheduled a mediation proceeding for July 6, 2016.

**B.  SUMMARY OF THE PROPOSED SALE**

21. The terms of the proposed sale are summarized hereafter and are fully described and set out in the *Purchase and Sale Agreement* ("**Agreement**"), a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated herein by this reference. <u>Interested parties are encouraged to review the Agreement in its entirety. In the case of any discrepancy between the Agreement and this Motion, the terms set forth in the Agreement shall control.</u>

22. The Trustee received an offer from the Proposed Buyers to purchase any and all litigation claims, rights, standing, and interest that the Trustee and the Trust hold against any of the defendants currently listed in: (i) Adversary Proceeding No. 2:16-ap-00127 pending in the Bankruptcy Court; (ii) Case No. 30-2016-00839008 pending in the Superior Court of the State of California County of Orange Central Justice Center; (iii) Adversary Proceeding No. 2:15-ap-00739 pending in the Bankruptcy Court; (iv) Adversary Proceeding No. 2:15-ap-00740 pending

in the Bankruptcy Court; and (v) any future lawsuits, claims, or other proceedings initiated in law or equity by Proposed Buyers for which the Trustee and the Trust would hold litigation claims, rights, standing, and any interest (collectively, the "**Assets**").

23. In exchange for the Assets, the Proposed Buyers will provide the Trustee with 10% of any and all gross recovery, proceeds, or payment derived from the Litigation[3] and from any of the defendants listed in the Litigation, as currently stated and as may be amended from time-to-time to include additional defendants (collectively, the "**Defendants**"), and as may be re-filed alleging similar claims against any of the Defendants. To be sure, the 10% gross sale amount is irrespective of- and prior to- any and all costs, fees, expenses, or payments associated with: the Litigation, any other litigation against the Defendants, or collection from the Defendants.

24. The Trustee has determined that the Proposed Buyers' offer is the highest and best offer received to date. Accordingly, the Trustee seeks authority to enter into the Agreement with the Buyer, subject to higher and better offers by competing bidders at the hearing to approve the sale of the Assets.

25. Pursuant to 11 U.S.C. § 363(f), the Assets will be sold to the Proposed Buyers free and clear of all claims, liens, encumbrances, and interests.

26. The Trustee is informed and believes that the Proposed Buyers are good faith purchasers. Accordingly, the Proposed Buyers seek a determination that the Proposed Buyers are entitled to the protections afforded under 11 U.S.C. § 363(m).

27. In order to reduce accruing Trust expenses and avoid reduction in the Assets' value, the Trustee requests that the fourteen (14) day stay set forth in Fed.R.Bankr.P. 6004(d) and (h) be waived so that the sale of the Assets may immediately close.

28. Bankruptcy Court approval is required for the Trustee to sell the Assets, unless the Court determines that such approval is not required. If the Court determines that its approval is not required for the Trustee to sell the Assets, the Agreement shall be immediately effective in its entirety between the parties notwithstanding any contradictory terms in the

---

[3] Together, the Trust Adversaries and DFG Adversaries are referred to herein as the "**Litigation**".

Agreement.

29. The sale of the Assets shall be "as is/where is", the Trustee makes no warranties, implied or expressed, regarding the Assets.

30. As set forth above, this sale is subject to higher and better offers to ensure that a fair and equitable value is attributed to the Assets for the benefit of all concerned. The Court retains authority to control the bidding process and to determine whether competing bids are higher and/or better offers.

## C. **LEGAL ANALYSIS**

31. The "sound business judgment" test requires a trustee to establish four elements in order to justify the sale or lease of property outside the ordinary course of business: (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business, (b) that adequate and reasonable notice has been provided to interested persons, (c) that the seller has obtained a fair and reasonable price, and (d) good faith. <u>Abbotts Dairies</u>, 788 F.2d 143; <u>In re Titusville Country Club</u>, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

32. In this case, the Trustee submits that the decision to proceed with the sale of the Assets is based upon his sound business judgment and should be approved. A showing of a sound business purpose need not be unduly exhaustive but, rather, a trustee is "simply required to justify the proposed disposition with sound business reasons." <u>In re Baldwin United Co.</u>, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). The proposed sale of the Assets pursuant to the Sale Agreement constitutes a sound exercise of the Trustee's business judgment and has been proposed in good faith.

33. The proposed sale is appropriate for several reasons. First, the Proposed Buyers have spent significant time, effort, and resources preparing the Litigation claims that involve complicated facts and legal issues. The Trust does not have the resources to fund pursuing any claims to which the Trust may hold in the Litigation, and the Trust Adversaries involve similar claims against some of the defendants in the DFG Adversaries. The Proposed Buyers have shown their litigation abilities and commitment to the claims in the Litigation by pursuing the significant Non-dischargeable Judgment through a successful trial. Second, without this sale,

claims that the Trust may hold in the Litigation may spoil without the Trustee's intervention or this sale due to pending motions to dismiss based on the Proposed Buyers allegedly not having standing to pursue the claims because the Trustee holds the standing. Third, this sale allows for a potential significant recovery to the Trust without having to incur the significant costs of pursuing potentially years of litigation. And, the Trustee will not need to litigate with the Proposed Buyers regarding ownership of claims in the Litigation or compete to attempt collecting in the Litigation. Finally, the sale brings the greatest consideration to the Trust's beneficiaries.

34. Pursuant to 11 U.S.C. § 363(b)(1) and under the terms of the Trust, the Trustee is authorized, after notice and a hearing, to sell Trust assets. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A trustee's decision to sell assets outside the ordinary course is accorded deference by a bankruptcy court where it is supported by the trustee's reasonable business judgment, and an articulated business justification for the transaction. In re Lahijani, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); In re Chateaugay Corp., 973 F.2d 141, 143 (2d Cir. 1992).

35. The Trustee has determined that selling the Assets pursuant to the terms set forth in the Agreement is in the best interest of the Trust and its beneficiaries.

36. Pursuant to 11 U.S.C. § 363(f), the Trustee requests that the sale of the Assets be free and clear of all claims, liens, adverse interests, and encumbrances. The Trustee does not believe that any such claims, liens, adverse interest, or encumbrances exist as to the Assets.

37. The terms of the Sale Agreement were negotiated at arm's length, without collusion, and in good faith. Accordingly, the Trustee requests that the Court find the Proposed Buyers or other successful buyer to be acting in good faith so that the sale and the Proposed Buyers, or other successful buyer, receive the fullest protections available to a good-faith purchaser under Section 363(m) of the Bankruptcy Code. See In re Filtercorp, Inc., 163 F.3d 570, 576-77 (9th Cir. 1998).

///

38. The Trustee believes that the sale will generate funds for distribution to beneficiaries under the Trust.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order: (i) approving the sale of the Assets to the Proposed Buyers, free and clear of liens, claims, and encumbrances, pursuant to the terms set forth in the Agreement; (ii) permitting an order approving this sale to be effective immediately and without the fourteen (14)-day stays under Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d); and (iii) allowing the Trustee to execute any documents on behalf of the Trust necessary to facilitate selling the Assets to the Proposed Buyers.

RESPECTFULLY SUBMITTED: July 1, 2016

**ALLEN BARNES & JONES, PLC**

/s/ *MAJ #27311*
Michael A. Jones
Philip J. Giles
1850 N. Central Ave. Suite 1150
Phoenix, Arizona 85004
Attorneys for Thomas H. Allen, Individual Plan Agent, Post Confirmation Liquidating Trustee, and Disbursing Agent for the Bankruptcy Estate of Daniel L. Hendon

**E-FILED** on July 1, 2016 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case.

**COPY** mailed via U.S. Mail and emailed the same date to:

Christopher J. Pattock
OFFICE OF THE UNITED STATES TRUSTEE
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706
Email: christopher.j.pattock@usdoj.gov

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | **COPY** e-mailed the same date to: |
| 2 | Matthew C. Browndorf |
|   | Grace M Kim |
| 3 | Marc Y. Lazo |
|   | Kent E Salveson |
| 4 | WILSON HARVEY BROWNDORF, LLP |
|   | 1900 Main St., Suite 600 |
| 5 | Irvine, CA  92614 |
|   | mcbrowndorf@whbllp.com |
| 6 | gkim@whbllp.com |
|   | mlazo@whbllp.com |
| 7 | ksalveson@whbllp.com |
|   | *Attorneys for Diversified Funding Group, LLC* |
| 8 | |
|   | Jerry L. Cochran |
| 9 | COCHRAN LAW FIRM, PC |
|   | 2929 E. Camelback Rd., Suite 118 |
| 10 | Phoenix, AZ  85016 |
|   | jcochran@cochranlawfirmpc.com |
| 11 | *Attorneys for Kelly Carroll-Hendon* |
| 12 | Donald L. Gaffney |
|   | SNELL & WILMER L.L.P. |
| 13 | One Arizona Center |
|   | Phoenix, AZ  85004-2202 |
| 14 | dgaffney@swlaw.com |
|   | *Attorneys for TR&C DR Properties, LLC* |
| 15 | |
|   | Daniel E. Garrison |
| 16 | ANDANTE LAW GROUP, PLLC |
|   | Scottsdale Financial Center I |
| 17 | 4110 North Scottsdale Road, Suite 330 |
|   | Scottsdale, AZ  85251 |
| 18 | dan@andantelaw.com |
|   | *Attorneys for Official Committee of Unsecured Creditors* |
| 19 | |
|   | Alan A. Meda |
| 20 | BURCH & CRACCHIOLO PA |
|   | 702 E. Osborn Rd, Suite 200 |
| 21 | Phoenix, AZ 85014 |
|   | ameda@bcattorneys.com |
| 22 | *Attorneys for Daniel Lewis Hendon* |
| 23 | James R. Harrison |
|   | O'STEEN & HARRISON, PLC |
| 24 | 300 W Clarendon Ave #400 |
|   | Phoenix, AZ  85013 |
| 25 | jharrison@vanosteen.com |
|   | *Attorneys for First Fidelity Bank, N.A.* |
| 26 | |
|   | G. Patrick Jennings |
| 27 | U.S. DOJ,Trial Attorney Tax Division |
|   | P.O. Box 683 |
| 28 | Washington, DC  20044-0683 |
|   | guy.p.jennings@usdoj.gov |
|   | *Attorneys for United States* |

| | |
|---|---|
| 1 | Carolyn J Johnsen<br>DICKINSON WRIGHT PLLC |
| 2 | 1850 N. Central Avenue, #1400<br>Phoenix, AZ 85004-4568 |
| 3 | cjjohnsen@dickinsonwright.com<br>*Attorneys for Victoria A. Hendon* |
| 4 | |
| 5 | Jamin S. Neil<br>PITE DUNCAN, LLP |
| 6 | 4375 Jutland Dr., Suite 200<br>P.O. Box 17933 |
| 7 | San Diego, CA 92177-0933<br>jneil@piteduncan.com |
| 8 | *Attorneys for CitiMortgage, Inc.* |
| 9 | William Novotny<br>DICKINSON WRIGHT PLLC |
| 10 | 1850 North Central Avenue, Suite 1400<br>Phoenix, AZ 85004 |
| 11 | wnovotny@dickinsonwright.com<br>*Attorneys for Vestar Arizona XLVIII, L.L.C.* |
| 12 | Randy Nussbaum<br>NUSSBAUM GILLIS & DINNER, P.C. |
| 13 | 14850 N. Scottsdale Road, Suite 450<br>Scottsdale, AZ 85254 |
| 14 | rnussbaum@ngdlaw.com<br>*Attorneys for Henry H. Lee* |
| 15 | |
| 16 | Josephine E Salmon<br>PITE DUNCAN, LLP |
| 17 | 4375 Jutland Drive<br>P.O. Box 17933 |
| 18 | San Diego, CA 92177-0933<br>ecfazb@piteduncan.com |
| 19 | *Attorneys for JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank, f/k/a Washington Mutual Bank, FA* |
| 20 | |
| 21 | */s/ Stephanie M. Trejos* |