MARC LAZO (Ca. Bar. No. 215998)
PHILIP EIKER (Az Bar. No. 025913)
**WILSON KEADJIAN BROWNDORF LLP**
62 Rail X Ranch Estates Place
Patagonia, Arizona 85624
Phone No.:     (888) 690-5557
Fax No.:         (949) 234-6254
mlazo@wkbllp.com

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>Daniel Lewis Hendon,<br><br>                Debtor.<br>DIVERSIFIED FUNDING GROUP, LLC, an Arizona limited liability company; REYNALDO GUTIERREZ, an individual; THE FARADJOLLAH FRED DJAHANDIDEH TRUST, an Arizona Trust; FRED DJAHANDIDEH as Trustee of The Faradjollah Fred Djahandideh Trust; HCM RETIREMENT TRUST, a California Trust; DREW SHERLINE as Trustee of HCM RETIREMENT TRUST; RIGHTPATH INVESTORS, LLC, a limited liability company; SIROTKA HOLDINGS, LLC, a limited liability company; iDEA SERVICES, LLC, a limited liability company; VAN BUREN DEVELOPMENT, LLC, a limited liability company; SOUTHWEST DEVELOPMENT PARTNERS, LLC, a limited liability company; FORTUNA ASSET MANAGEMENT, LLC, a limited liability company,<br>              Plaintiff,<br>     v.<br><br>DANIEL L. HENDON,<br><br>             Defendant. | Chapter 11<br><br>Case No. 2:11-bk-21164-SHG<br><br>**DIVERSIFIED FUNDING GROUP'S SUPPLEMENTAL BRIEF IN REPLY TO VERDE'S TRIAL BRIEF AND REQUEST FOR CLOSING BRIEF**<br><br>**Hearing Date**<br><br>Date: July 25, 2016<br>Time: 11:00 AM<br>Place: 230 N. First Ave. Courtroom 301 Phoenix AZ |

Diversified Funding Group, LLC, Reynaldo Gutierrez, The Faradjollah Fred Djahnadideh Trust, Fred Djahandideh as Trustee of the Faradjollah Fred Djahandideh Trust; HCM Retirment Trust, Drew Sherline as Trustee of HCM Retirement Trust, Rightpath Investors LLC, Sirotka Holdings LLC, iDEA Services, LLC, Van Buren Development LLC, Southwest Development Partners, LLC and Fortuna Asset Management, LLC (collectively referred to herein as "DFG")respectfully submit this Supplemental Brief in reply to Verde's Trial Brief and to request that the court permit the parties to submit closing briefs.

## I. **PRELIMINARY MATTER**

As a preliminary matter, Diversified Funding Group, LLC ("DFG"), respectfully requests that the Court permit the parties to submit a closing brief prior to the Court making a determination on the merits. Because of the complexity of the matter, the voluminous number of defendants, the complex legal issues in the matter, and the limited amount of time allotted for DFG to present the merits of its case, DFG believes a closing brief is necessary and will facilitate the Court in making its final determination.

## II. **VERDE'S ANALYSIS FAILS TO TAKE INTO ACCOUNT THE BENEFIT THE ESTATE WILL RECEIVE FROM RECEIVING 10% OF A $26 M NON-DISCHARGEABLE JUDGMENT THAT THE ESTATE WOULD OTHERWISE HAVE NO RIGHT TO PURSUE.**

In its trial brief, Verde fails to take in to account that DFG has already procured a 26 Million dollar non-dischargeable judgment ("Judgment") against Debtor Daniel L. Hendon, which cannot be sold by the Trustee and that DFG has the exclusive right to satisfy. DFG is the only creditor with a non-dischargeable judgment. Thus, there is neither a huge gamble nor any risk to the bankruptcy estate. In fact, among the other claims DFG is pursuing in its Adversary and California Complaints, the estate will benefit from 10% of the recovery on this Judgment, not only from Debtor Daniel L. Hendon, but also from any third parties holding assets for Mr. Hendon's benefit or assets that still remain in his possession, custody or control. As DFG will prove at the evidentiary hearing, Mr. Hendon continues to engage in business ventures and has received sums of income and profits. Mr. Hendon also

///

continues to have third parties hold assets for his benefit, which DFG has uncovered and will continue to pursue.

Furthermore, neither the Plan nor the Court, has precluded DFG from pursuing its collection activity against Mr. Hendon, as there is no post-confirmation injunction in place. Further, the Debtors' Confirmation Plan does not carve out any plan payments that would inure to the benefit of DFG and thus DFG has the right to pursue its execution rights independent of the bankruptcy plan. Recognizing this, the Court has granted DFG the right to pursue its collection activities and has permitted DFG to garnish wages, bank accounts and/or any other property belonging to the Debtor.

Further, the Ninth Circuit has made explicitly clear that the highest and best offer for the sale of claims is not necessarily a sum certain, but could be a percentage of recovery. *In re Lahijani*, 325 B.R. 282, 288(B.A.P. 9th Cir. 2005).*In Lahijani*, the Chapter7 trustee proposed to sell Avoidance Claims for a sum certain to an entity formed by the defendants in the case. Under the trustee's bidding procedures, only cash or cash equivalent offers were acceptable and any percentage of recovery offered would be given a zero dollar value by the trustee. *Id*. The trustee's justification for the zero valuation was that he had no way to value the merits of the claims being sold. *Id.* The Ninth Circuit Bankruptcy Appellate Panel found that there was no good reason to preclude percentage offers, especially where a percentage bid could maximize the value of the estate. *Id*.

Here, DFG's percentage offer confers a greater benefit to the estate than Verde's nominal $200,000 offer. Verde's offer to purchase all of the Trustee's claims to then forego all further recovery would preclude the estate from receiving potentially millions of dollars in recovery.

**III.     CONCLUSION**

For the foregoing reasons, the Court should find that DFG's offer confers the greatest benefit to the estate. Furthermore, in the interests of justice, the Court should also permit the parties to submit closing briefs.

Dated: July 22, 2016                                          WILSON KEADJIAN BROWNDORF, LLP

By: _____
Marc Y. Lazo
Attorney for Plaintiffs and Creditors

3
DIVERSIFIED FUNDING GROUP'S SUPPLEMENTAL BRIEF IN REPLY TO VERDE'S TRIAL BRIEF AND REQUEST FOR CLOSING BRIEF