MARC LAZO (Ca. Bar. No. 215998)
PHILIP EIKER (Az Bar. No. 025913)
**WILSON KEADJIAN BROWNDORF LLP**
62 Rail X Ranch Estates Place
Patagonia, Arizona 85624
Phone No.:    (888) 690-5557
Fax No.:        (949) 234-6254
mlazo@wkbllp.com

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| Daniel Lewis Hendon,<br>                    Debtor. | Case No. 2:11-bk-21164-SHG |
| DIVERSIFIED FUNDING GROUP, LLC; REYNALDO GUTIERREZ; THE FARADJOLLAH FRED DJAHANDIDEH TRUST; FRED DJAHANDIDEH;HCM RETIREMENT TRUST; DREW SHERLINE; HCM RETIREMENT TRUST; RIGHTPATH INVESTORS, LLC; SIROTKA HOLDINGS, LLC; iDEA SERVICES, LLC;VAN BUREN DEVELOPMENT, LLC; SOUTHWEST DEVELOPMENT PARTNERS, LLC; FORTUNA ASSET MANAGEMENT, LLC,<br>            Plaintiffs<br>        v.<br>DANIEL HENDON; NELL HENDON; HEATHER HENDON; CHRIS ALVAREZ; VICTORIA HENDON; KELLY CARROLL; ALAN MEDA; ERNIE GARCIA; BURCH & CRACCHIOLO; VERDE AUTO SERVICES, LLC; VERDE INVESTMENTS, INC.; ELLIS RUBENSTEIN; PRUDENTIAL METAL AND STEEL SUPPLY; E MANAGEMENT CONSULTING, LLC; ERNIE VASQUEZ; GIL OLGUIN; JAY SWART; MARIA BARKER; PACWEST ENERGY, LLC; JACKSONS FOOD STORES INC.; EQUILON ENTERPRISES, LLC; KENT DESPAIN; STEVEN JOHNSON; OCS CAPITAL GROUP; DICKINSON WRIGHT PLLC; CAROLYN J. JOHNSON AND DOES 1 through 100, inclusive<br>            Defendants. | **DECLARATION OF MARC Y. LAZO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO REVOKE *PRO HAC VICE* ADMISSION OF MARC Y. LAZO**<br><br><br>Date: July 13, 2017<br>Time: 2:30 p.m.<br>Courtroom No.: 301 |

**1**
DECLARATION OF MARC Y. LAZO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO REVOKE *PRO HAC VICE* ADMISSION OF MARC Y. LAZO

I, MARC Y. LAZO, declare,

1. I am an attorney licensed to practice in all courts of the State of California and am admitted *pro hac vice* to practice law before the United States Bankruptcy Court, District of Arizona. I am a partner with Wilson Keadjian Browndorf, LLP, counsel for Plaintiffs DIVERSIFIED FUNDING GROUP, LLP, et al. (hereinafter referred to as "Plaintiff") in this action.

2. I have personal knowledge of the facts attested to in this Declaration, and if called as a witness, could and would completely testify thereto.

3. I discovered on or around October 17, 2016 that the Judgment Debtor's mother, Nell Hendon, passed away. Concerned that the Judgment Debtor may benefit from an inheritance from the decedent that would otherwise be concealed or dissipated by the Judgment Creditor, I made several inquiries to Mr. Warnicke to determine who represented the estate and what, if any, assets or proceeds would go to the Judgment Creditor.

4. For weeks, while intervening in the case and even after making court appearances, Mr. Robert Warnicke refused to truthfully disclose to me whether he was representing the Estate of Nell Hendon.

5. I repeatedly made attempts to determine if Mr. Robert Warnicke did in fact represent the estate. Attached hereto as **Exhibit A** are true and correct copies of our attempts to determine if Mr. Warnicke was in fact counsel for the Estate of Nell Hendon.

6. Mr. Warnicke did not disclose that he was counsel for the Estate and did not even disclose who the Personal Representative of the Estate would be until more than two (2) months after the passing of Nell Hendon on December 3, 2016.

7. During a telephone conversation on December 6, 2016, Mr. Warnicke assured me and Marc Lazo that the Judgment Debtor was not a beneficiary of the estate and would not receive any assets, funds, or property from the decedents estate. Attached hereto as **Exhibit B** is a true and correct copy of Mr. Warnicke's email to me wherein he states that Danny Hendon is not a beneficiary.

8. Mr. Warnicke also left out material information regarding the decedent's estate, namely that pursuant to Nell Hendon's will, the beneficiary of her will was the W&N Hendon Revocable

2
DECLARATION OF MARC Y. LAZO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO REVOKE *PRO HAC VICE* ADMISSION OF MARC Y. LAZO

Case 2:11-bk-21164-SHG    Doc 274    Filed 06/14/17    Entered 06/14/17 22:36:28    Desc
Main Document    Page 2 of 5

Trust, and that the Judgment Debtor, Daniel Hendon, was the beneficiary. Attached hereto as **Exhibit C** are true and correct copies of Nell Hendon's Will and the W&N Irrevocable Trust.

9. As such, between October and December 2016, while Mr. Warnicke continued to give evasive answers regarding who represented the Estate, and while he repeatedly assured Plaintiff's counsel that no funds would inure to the benefit of the Judgment Creditor, the Debtor in fact dissipated over $100,000 in proceeds in cash from the purported Trust account. Attached hereto as **Exhibit D** are true and correct copies of the Debtor's bank account statements showing that he dissipated over $100,000.

10. These bank account statements also demonstrate that on at least 9 separate occasions, Debtor went into a local branch of Bank of America and made cash withdrawals or purchased cashier's checks out of the purported Trust bank account number ending in 9838. A true and correct copy of the bank withdrawal slips are attached hereto as **Exhibit E.**

11. In fact, a withdrawal statement dated December 31, 2016 also demonstrates that the Trust was in fact being administered by Danny, as signatory, from his Corona Del Mar address in California. Attached hereto as **Exhibit F** is a true and correct copy of the withdrawal statement.

12. On February 7, 2017, the W&N Revocable Trust ("Trust") filed a claim of exemption with the US Marshal's office and thereafter in the Central District of California. Attached hereto as **Exhibit G** is a true and correct copy of the Claim of Exemption. The Claim of Exemption identified the party filing the claim, the case number, and the facts supporting the claim. The Claim of Exemption was signed and the document contained a section entitled type or print name. The line reflected the typed names "Patricia A. Marr, Esq. and Robert Warnicke, Esq." After determining that neither attorney was admitted to practice law in California, I immediately raised my objection that the appearance may constitute the unauthorized practice of law in the State of California. Mr. Warnicke's father, Ronald Warnicke, thereafter, immediately stated in his filed court documents that Mr. Lazo had "no good faith belief" for making such a representation. Attached hereto as **Exhibit H** is a true and correct copy of Mr. Ronald's Warnicke Notice of Errata.

3
DECLARATION OF MARC Y. LAZO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO REVOKE *PRO HAC VICE* ADMISSION OF MARC Y. LAZO

Case 2:11-bk-21164-SHG    Doc 274    Filed 06/14/17    Entered 06/14/17 22:36:28    Desc
Main Document    Page 3 of 5

13. Ultimately, after email exchanges and after a copy of the claim of exemption was sent to Ronald Warnicke, he agreed to file a notice of errata to withdraw his baseless assertions.
14. Mr. Warnicke's father, Ronald Warnicke, representing Peggy Jackson as the Trustee of the W&N Hendon Revocable Trust, accused a United States District Court Magistrate Judge in California, Judge Alexander F. Mackinnon, of having ex parte communications with Mr. Lazo, an accusation which was completely dispelled by the Court. Attached hereto as **Exhibit I** is a true and correct copy of the March 8, 2017 Hearing transcript (pp. 18, ln. 10).
15. In a hearing in California before the honorable Judge Mackinnon, regarding a levied bank account, Mr. Ronald Warnicke repeatedly made false statements to the Court and represented that Plaintiff had taken the funds seized from the bank account, though the funds were in the possession, custody and control of the US Marshal's office. These disturbing and false accusations in open Court, prompted Judge Mackinnon to intervene and clarify, for the record, that the funds were in the possession of the US Marshal's office, and that the funds had never gone to Plaintiff.
16. Attached as **Exhibit J** is a true and correct copy of the letter from Ronald Warnicke in which he threatens me with a bar complaint. The United States District Court has not yet made a final ruling on the issue of the levied funds, although a final recommendation and report has been issued by the magistrate judge.
17. On October 20, 2016, I attended a hearing regarding approval for Plaintiff's motion for good faith settlement. After the hearing, Mr. Robert Warnicke, who is over 6 feet tall, aggressively pressed his body against Mr. Shahram Sodeffi, and intruded his physical space, while stating "Who the h*** are you?" directly to him. I attempted to defuse the situation by verbally intervening and mediating the confrontation between Mr. Sodefi and Mr. Robert Warnicke and told them both to calm down.
18. Thereafter, when Mr. Robert Warnicke walked away from Mr. Sodefi, he aggressively and purposely drove his left shoulder into my left shoulder, to which I asked, "did you just assault me?" To that, Mr. Warnicke responded something to the effect of it being me who bumped him.

4
DECLARATION OF MARC Y. LAZO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO REVOKE *PRO HAC VICE* ADMISSION OF MARC Y. LAZO

Case 2:11-bk-21164-SHG    Doc 274    Filed 06/14/17    Entered 06/14/17 22:36:28    Desc
Main Document    Page 4 of 5

19. On November 17, 2016, dismissed defendant, Gil Olguin was to appear for a deposition that was to begin at 10:00 a.m. However, due to a court call appearance I had to attend at 10:30 a.m. that morning, I sent an email informing all participants that the deposition of Mr. Olguin would begin at 11 a.m. Once I completed my court appearance, I began the deposition right away because I did not want to keep Mr. Olguin and all participants waiting further.

20. After I received the deposition transcript, I sent it to Mr. Olguin for his review and approval, to which he had no corrections.

I declare under the penalty of perjury set forth in the laws of the United States of America that the foregoing is true and correct.

Executed June 14, 2017, in Irvine, California.

_____
Marc Y. Lazo

5
DECLARATION OF MARC Y. LAZO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO REVOKE *PRO HAC VICE* ADMISSION OF MARC Y. LAZO

Case 2:11-bk-21164-SHG    Doc 274    Filed 06/14/17    Entered 06/14/17 22:36:28    Desc
Main Document    Page 5 of 5